# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRIS MILBURN and ANITA MILBURN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:19-cv-02719-SNLJ ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter presents an apparent issue of first impression in this Circuit. Plaintiffs filed a claim against the defendant insurance carrier in state court on July 29, 2019. Service was achieved on September 5, 2019, which began the 30-day period for removal to federal court under 28 U.S.C. § 1446(b)(1). According to plaintiffs, removal had to be achieved by October 5, 2019—a Saturday. Instead, the notice of removal was filed the following Monday, on October 7, 2019. Plaintiffs argue that removal was too late, and they have moved to remand (#10).

Defendant contends that Federal Rule of Civil Procedure 6(a)(1)(C) applies, making the removal timely. Rule 6 states

> (a) Computing Time. The following rules apply in computing any time period specified…in any statute that does not specify a method of computing time.
>
> (1)…When the period is stated in days…:
>
> (A) exclude the day of the event that triggers the period;

1

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays;

(C) include the last day of the period, but <u>if the last day is a Saturday</u>, Sunday, or legal holiday, <u>the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday</u>.

Fed. R. Civ. P. 6(a)(1)(A)-(C) (emphasis added). Defendant thus argues that, because Rule 6 allows the period to continue to run until the end of the next day that is not a weekend day or holiday, that the notice of removal was properly filed on Monday, October 7.

Numerous cases apply the rule that removals filed on the Monday after the removal period runs on a weekend day are timely filed. *See, e.g.*, *Elliot-Leach v. N.Y. City Dep't of Educ.*, 201 F.Supp.3d 238, 242-243 (E.D.N.Y. 2016); *King v. Knoll*, 399 F.Supp.2d 1169, 1173 n. 13 (D. Kan. 2005); *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002); *Oseekey v. Spaulding Fibre Co., Inc.*, 655 F.Supp. 1119, 1122 n. 4 (W.D.N.Y.1987).

None of those cases, however, addressed plaintiffs' argument here. Plaintiffs contend that Rule 81(c) prohibits this Court from applying Rule 6 to defendant's notice of removal. Rule 81 sets forth the "Applicability of the Rules in General; Removal Actions." Rule 81(c) states that the Federal Rules of Civil Procedure "apply to a civil action <u>after</u> it is removed from a state court." Fed. R. Civ. P. 81(c) (emphasis added). Plaintiffs thus argue that because this case had not yet been removed from a state court on the Saturday on which the removal period expired, Rule 6 could not apply to save its untimely filing on Monday.

Only one case, *Froehlich v. CACH, LLC*., 289 F.R.D. 454, 455 (S.D. Ohio 2013), has addressed plaintiffs' novel argument head on. The court determined that the argument that Rule 81(c) prevents the use of Rule 6(a)(1)(C) "has no support in the law." Indeed, plaintiffs identify no case that has adopted their reading of Rule 81(c) with respect to Rule 6 and Section 1446's removal period. Rather, plaintiffs encourage this Court to find that the ample authority against them has been wrongfully decided because those courts did not examine the plain meaning of Rule 81(c).

Plaintiffs insist that the "ordinary meaning" of the word "after," according to the dictionary, is "subsequent to in time or order." And again, it is plaintiffs' theory that "Rule 6(a)(1) [did] not apply to the case until 'after' the time it was removed on October 7, 2019." In other words, the rule applies to time-sensitive filings after removal, but not before the removal itself.

This Court disagrees with plaintiffs' interpretation. To be sure, Rule 6 applies only "after" the matter's removal from state court in accordance with Rule 81(c), but that does not preclude the rule from saving a late-filed case. Just as with removals, Rule 6 applies to all cases only after they've been filed with the court: as Federal Rule of Civil Procedure 1 states, the rules "govern the procedure in all <u>civil actions</u> and proceedings <u>in the United States district courts</u>." (Emphasis added.) That is, the rules apply only after a case has been filed in the district court (whether it's been removed or not). Under plaintiffs' interpretation, Rule 6 could not save any case-filing deadline that ends on a weekend because the case is not yet a "civil action…in the United States district court." But that interpretation, by analogy, is inconsistent with the cases that approve the

3

application of Rule 6 to save a case in which the statute of limitations runs on a weekend. *See, e.g.*, 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 1163 (4th ed.).

In this Circuit, before applying Rule 6 to a statute of limitations, "the district court is directed to determine whether or not the statutory time limit is a statute of limitations or a jurisdictional bar." *Id.; see Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) ("before determining whether we should apply Rule 6(a) to the one-year time limit in § 2255, we must first determine whether that time limit is jurisdictional."). Accordingly, if the statute of limitations is jurisdictional, Rule 6 does not apply, but if the statute of limitations is not jurisdictional, Rule 6 does apply.

With this analysis in mind, it has long been held that the 30-day removal period set forth by 28 U.S.C. § 1446(b) is "not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which the federal court would have had original jurisdiction." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997); *see also Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010); *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982); *Weeks v. Fid. & Cas. Co. of N. Y.*, 218 F.2d 503, 504 (5th Cir. 1955); *Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp. 2d 1107, 1110 (E.D. Mo. 2001); *St. Louis Home Insulators v. Burroughs Corp.,* 597 F. Supp. 98, 99 (E.D. Mo. 1984). Following those cases, then, Rule 6 applies to save defendant's otherwise late-filed removal just as Rule 6 would have applied to any other non-jurisdictional statute of limitations.

All in all, it appears that plaintiffs' real argument is that the October 7 removal petition was void because the 30-day deadline was October 5, and thus there was no case on which Rule 6 could apply. But the fact that the § 1446(b) 30-day deadline is not jurisdictional defeats plaintiffs' argument.

The defendant timely filed its notice of removal on Monday, October 7, 2019. The motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#10) is **DENIED**.

So ordered this 22nd day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE